United States Courts
Southern District of Texas
FILED

DEC 07 2020

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

**E. DRAKE**           **CASE NUMBER:** _____

         *Plaintiff*

**VS**

**OGD EQUIPMENT COMPANY, LLC**

         *Defendant*

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, E. Drake, hereinafter referred to as "Plaintiff" or "Drake" and brings this action against the above Defendants as alleged herein.

## I.  JURISDICTION AND VENUE

1. Plaintiff invokes this Court's jurisdiction of this action also under 42 U.S.C. §1981, 15 USC §2301, 28 U.S.C. § 1331, 1343, 49 U.S.C. §§ 32701-32711, 49 C.F.R., Sections 580.1-580.6, and Federal Trade Commission Act §§ 455.2–455. And supplemental jurisdiction under 28 U.S.C. § 1367, over state law violations.

2. This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Court has authority to grant the requested declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

1

4.      The Court has jurisdiction over Defendant OGD EQUIPMENT COMPANY, LLC because a corporation is deemed to reside in any juridical district where it is subject to personal jurisdiction at the time the action is commenced. 28 USC §1391(c), *Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1210 n.3 (10th Cir.2000).

5.      Venue is also proper in the judicial district where corporation is doing business. OGD EQUIPMENT COMPANY, LLC is all doing business in Oklahoma City, Oklahoma. Subsequently, OGD EQUIPMENT COMPANY, LLC have sufficient contacts in the state of Oklahoma for this Court to have personal jurisdiction over the above defendant. *Langton v. Cheyond Comm., LLLC*. This litigation is a diversity action and asks a federal question.

7.      Plaintiff invokes this Court's jurisdiction of this action also under, 15 USC §2301, 28 U.S.C. § 1331, §1332, §1343. And supplemental jurisdiction under 28 U.S.C. § 1367, over state law violations. When federal jurisdiction is founded upon diversity of citizenship under 28 U.S.C.S. § 1332, the district court is bound to apply state substantive law to plaintiff's claims. Plaintiff pleads supplemental jurisdiction under 28 U.S.C. § 1367, over state law claims. Uniform Commercial Code §2-314, 2-315.

8.      This Court has jurisdiction pursuant to 28 U.S.C § 1332 because the amount in controversy exceeds $75, 000.00, exclusive of interest and costs, and Plaintiff and Defendants are citizens of different states, creating diversity of jurisdiction.

9.      Plaintiff invokes the Court's jurisdiction of this action under USC § 1331, 1332. Plaintiff claims federal jurisdiction pursuant to Article III § 2, which extends the jurisdiction to cases arising under the U.S. Constitution.

## II. FACTUAL BACKGROUND

10.     Plaintiff is a citizen of the United States. He is free to bring suits to resolve civil disputes. The Plaintiff is of a protective class, "African American." Such liberty interests are protected and guaranteed to Plaintiff by the Fourteenth Amendment to the United States Constitution and by other federal statutes.

11.     This lawsuit derives from the deceptive and unethical conduct of Defendant OGD EQUIPMENT COMPANY, LLC, hereon referred to as, "OGD." On November 9, 2020, Plaintiff's garage door spring broke. The Plaintiff believed that he was contacting Overhead Door that installed his door previously.

12.     However, another company by the name of OGD EQUIPMENT COMPANY, LLC was also listed. There is no mistake that OGD named their company close to the original company. It is a trap to lure unsuspecting customers of the original Overhead Door Company to do business with OGD, which is no more than a fly by night company that has multiple locations, but no office that a consumer can come into and inquire, file a complaint, or speak to a manager.

13.     OGD charged the Plaintiff over $300.00 that other ethical companies charge half that cost. OGD failed to provide cost for parts or labor cost. At the end of the installation, the installer said, "You owe $300.00 plus tax," which is double what the job should have cost.  OGD is using the name of the original Overhead Door Company to steal from consumers.

14.     Plaintiff attempted to speak with a manager at OGD, but he was told that there were no supervisors or managers to speak with. At that time the Plaintiff was sure that OGD was a scam company and decided to file suit for recovery of his damages.

15.     Unquestionably, the actions of OGD is to overcharge consumers, and use false adverting to lure consumers into doing business with them when many consumers

most likely believe that OGD is in fact, the original Overhead Door Company. OGD has committed fraud and deceptive trade practices and other offenses against the Plaintiff.

16.     This is an action for fraudulent misrepresentation suffered by the Plaintiff as a direct and proximate result of the Defendant OGD EQUIPMENT COMPANY, LLC for deceptive trade practices, unfair trade practices, fraud and other causes of actions.

## FIRST CAUSE OF ACTION

**COUNT 1.     COMMON-LAW FRAUD**

17.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

18.     Defendants OGD EQUIPMENT COMPANY, LLC committed common-law fraud causing Plaintiff to sustain compensable damages. Defendant OGD EQUIPMENT COMPANY, LLC made false misrepresentations to Plaintiff and hide cost of the equipment and labor cost in charging the Plaintiff for the installation of a simple spring that supports his garage door.

19.     Each of these misrepresentations was made with knowledge of its falsity or was made recklessly, without any knowledge of the truth, and as a positive assertion or carried and carried out against the Plaintiff. Each of the misrepresentations was made with the intention that it should be acted on by Plaintiff. Plaintiff relied on each of the misrepresentations and thereby suffered injury.

20.     The above-described acts constitute concealment or mission by OGD EQUIPMENT COMPANY, LLC of the following material facts:

1). That OGD failed and intentionally did not disclose the cost of the part, even when the Plaintiff inquired about the cost, OGD employee said it will be minimum;

2). That OGD failed and intentionally did not disclose their labor cost, even when the Plaintiff inquired about their labor cost, OGD employee said the labor cost will be minimum;

3). That an OGD representative signed the Plaintiff's name to documents without the Plaintiff's approval or consent;

4). That OGD overcharged the Plaintiff for services that the Plaintiff could have had installed for half the price;

21.     The failures by Defendant OGD EQUIPMENT COMPANY, LLC to disclose material facts include but not limited to the above failures items 1 through 3.

22.     On information and belief Defendant OGD EQUIPMENT COMPANY, LLC made the above-described misrepresentations, concealments and omissions of material facts with knowledge of heir falsity or with reckless disregard of the truth.

23.     The above-described actions were committed by Defendant OGD EQUIPMENT COMPANY, LLC willfully, wantonly, and with disregard for the truth and the rights of the Plaintiff.

24.     On information and belief OGD EQUIPMENT COMPANY, LLC intended that the Plaintiff rely upon the above-described misrepresentations, concealments and omissions.

25.     The Plaintiff was only able to discover that OGD had committed fraud after their representative charged double the amount that any other company would have charged for the same job.

5

26.     Plaintiff relied on the above-described representations, concealments and omissions of OGD EQUIPMENT COMPANY, LLC, and suffered the damage described in this compliant as a proximate result thereof.

27.     Based on the fraud committed by Defendant OGD EQUIPMENT COMPANY, LLC. Plaintiff is entitled to, and hereby requests a judgment against Defendant OGD, jointly and severally, for actual damages, exemplary damages, costs, pre-judgment interest, post-judgment interest, all in amounts to be determined in accordance with applicable law.

## SECOND CAUSE OF ACTION
## COUNT 2.     FRAUD BY NONDISCLOSURE AND MISREPRESENTATION

28.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

29.     At all times relevant hereto, Defendant OGD EQUIPMENT COMPANY, LLC breached the aforesaid duty of disclosure by representing, either affirmatively or by omission, of the cost of the parts and labor prior to starting the job for the Plaintiff.

30.     Defendant OGD concealed from the Plaintiff and or failed to disclose certain facts to the Plaintiff. Defendant had a duty to disclose these facts to the Plaintiff per state and federal laws. These facts were material and Defendant knew that Plaintiff was ignorant of such facts and Plaintiff did not have an equal opportunity to discover

such facts until after the installation of the job. Defendants OGD EQUIPMENT COMPANY, LLC was deliberately silent when they had a duty to speak and delayed and or covered up their ridiculously high cost until after the job was finished.

31.    By failing to disclose such facts, Defendant OGD intended to induce Plaintiff to take some action or reframe from acting. Plaintiff relied on Defendants' non-disclosure and Plaintiff was injured as of these undisclosed facts. Specifically, Defendant OGD EQUIPMENT COMPANY, LLC remained silent as to the cost of parts and labor to induce the Plaintiff to allow them to do the job.

32.    Defendants OGD EQUIPMENT COMPANY, LLC made the aforesaid representations, knowing the same to be false or with reckless disregard as to whether they were true or false or, alternatively, innocently but with the intent that Plaintiff rely on same.

33.    Plaintiff reasonably relied on Defendant OGD representations to his detriment as herein before alleged.

34.    Defendant OGD EQUIPMENT COMPANY, LLC benefited from Plaintiffs' reliance. OGD EQUIPMENT COMPANY, LLC is using the name of a reputable company that has a good client established to lure people into their trap of deceptive and fraudulent actions.

35.    As a result, Plaintiff was damaged and injured. Based on the fraud by nondisclosure committed by Defendant OGD EQUIPMENT COMPANY, LLC, Plaintiff is entitled to, and hereby requests, a judgment against Defendant, jointly and severally, for actual damages, exemplary damages, costs, pre-judgment interest, post-judgment interest, all in amounts to be determined in accordance with applicable law.

36.     Defendants OGD EQUIPMENT COMPANY, LLC violated the duty owed to Plaintiff by failing to exercise reasonable care and competence. Defendant OGD EQUIPMENT COMPANY, LLC supplied the false information for the Plaintiff's benefit and guidance, knowing that Plaintiff would in fact rely on it.

37.     The Plaintiff reasonably justifiably relied on the false information and assurances provided by the Defendant OGD EQUIPMENT COMPANY, LLC. The foregoing acts and omissions described above of the Defendant OGD EQUIPMENT COMPANY, LLC, taken separately or collectively, constitute a direct and proximate cause of the Plaintiff's injuries and damages.

### THIRD CAUSE OF ACTION

**COUNT 3.     CONSTRUCTIVE FRAUD**

38.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

39.     Defendant OGD committed constructive fraud against the Plaintiff because of the following reasons: 1). Defendant OGD had a fiduciary or confidential relationship with Plaintiffs that gave rise to a legal or equitable duty; 2) Defendant OGD breached that duty; (3) the breach was intended to deceive Plaintiff, which violates public or private confidences, or injures public interests; and (4) the breach induced detrimental and justifiable reliance. *Dawson*, 163 P.3d at 1057-58 (citing *Lasley v. Helms*, 179 Ariz. 589, 880 P.2d 1135, 1137 (Ariz. Ct. App. 1994), *Assilzadeh v. Cal. Fed. Bank*, 82 Cal.

8

App. 4th 399, 98 Cal.Rptr.2d 176, 184 (Cal. 2000), *In re McDonnell's Estate*, 65 Ariz. 248, 179 P.2d 238, 241 (Ariz. 1947)). Most importantly, no showing of "intent to deceive or dishonesty of purpose" is required. See *Lasley*, 880 P.2d at 1138. On OGD's web-page as seen in **Exhibit 1**, it make consumers believe that Defendant has an office that a person can visit, if necessary to file a complaint or to follow up with a problem. However, the Plaintiff was informed that there isn't an office for a consumer to visit. In fact, the Plaintiff was informed that there wasn't even a manager to speak with about his complaint of fraud, deceptive and unfair practices.

39.     Plaintiff therefore is eligible for punitive damages against Defendant OGD EQUIPMENT COMPANY, LLC for the following reasons: (1) OGD EQUIPMENT COMPANY, LLC acted with the intent to injure Plaintiff; (2) OGD EQUIPMENT COMPANY, LLC consciously pursued a course of conduct knowing that it created a substantial risk of significant harm the Plaintiff; (3) OGD EQUIPMENT COMPANY, LLC was motivated by spite, actual malice, or intent to defraud; or (4) OGD acted with conscious and deliberate disregard of the interests and rights of others.

## FOURTH CAUSE OF ACTION

**COUNT 4.     DECEPTIVE AND UNFAIR TRADE PRACTICES**

40.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

41.     Pursuant to Oklahoma state laws and federal laws, Plaintiff pleads a cause of action against Defendant OGD EQUIPMENT COMPANY, LLC its agents, representatives, employees, installer contractors, and partners for deceptive and unfair trade practices.

9

43.     The Plaintiff is a 'consumer' as defined under the Texas Deceptive Trade Practices Act and the Texas Business & Com. Code § 17.45 (4) in that he sought to purchase an automobile from the Defendants Niello. The Defendants engaged in acts or practices declared unlawful by Texas Business & Com. § 17.41 et seq. (the "TDTPA" Texas Deceptive Trade Practice Act). Plaintiff further shows as follows:

f.  Defendants OGD Equipment Company, LLC, its partners, agents, and its representative's actions were deceptive when they failed to disclose to the Plaintiff their labor cost and the cost for the parts for repair. Defendants OGD knew or should have known that they were defrauding consumers across state lines—such as the Plaintiff. Thus, OGD is guilty of an 'Unconscionable Acts,' of exposing Drake and other consumers to such risks for profit. This type of action is a violation under Okla. Stat. Ann. tit. 15, §§ 753, 752(14) allows for damages.

g.  The actions of Defendant OGD, its partners, agents, employees, contract installers, and representatives were unfair and deceptive practices and evasive against the Plaintiff, which caused the Plaintiff injuries through their reckless, intentional, and negligent conduct of failing to provide the cost for their labor and parts. Defendant OGD first is deceptive by using a similar name as a reputable company to lure consumers into their deceit and deceptive acts. The breach was a producing cause of the Plaintiffs damages. In fact, "[e]ven a truthful statement may be deceptive if it has a capacity or tendency to deceive." The capacity to deceive can be found without a finding that anyone has actually been deceived, State ex rel. Mcleod v. Brown, 294 S.E. 2d 781, 783. Texas Deceptive Trade Practices, under § 17.46. DECEPTIVE TRADE PRACTICES UNLAWFUL. (a) False, misleading, or

10

deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61.

h.  Texas state laws broadly prohibits unfair and deceptive practices "in the conduct of" a consumer transaction, which is defined as "the sale, purchase, lease, or rental of goods, ___services___, or property, real or personal, primarily for ___personal___, family, or household purposes." The court in, *Garner v. Academy Collection Service, Inc.*, 2005 WL 643680, held that issuance of a credit card was a consumer transaction because it involved the sale and purchase of a ___service___, i.e. the extension of credit.

i.  False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under the federal statute: Federal Trade Commission Act 15 U.S.C. §§ 41-58.

## FEDERAL UNFAIR AND DECEPTIVE TRADE PRACTICES

j.  Defendant OGD also violated Federal Trade Commission Act (FTC Act) (15 USC §45) Section 5, [5(a)] because Defendant OGD EQUIPMENT COMPANY, LLC conduct could and have affected consumers nationwide.

1.  Failing to inform the Plaintiff and other consumers of the cost of their parts and labor for mere profit deceptively;

2.  Injury to consumers cannot be reasonably avoided because Defendant OGD EQUIPMENT COMPANY, LLC through its employees, partners, and contract installers are willing to risk injury to consumers across state lines for profit;

3.  Since Defendants OGD EQUIPMENT COMPANY, LLC is willing to be untruthful to consumers, its misleading representations, omissions, and practices are material.

5.  Defendants OGD EQUIPMENT COMPANY, LLC conduct is not outweighed by the countervailing benefits to consumers.

11

44.    Again under the deceptive trade practices acts, an unfair or deceptive acts or practices, the Plaintiff do not have to show or prove that a claim or representation was intended to deceive, the Plaintiff only need to present to the Court that Defendant OGD EQUIPMENT COMPANY, LLC and its management, agents, employees, partners, contract installers, or representatives actions had the capacity or tendency to deceive. However, in this case, the Plaintiff can show the Court that Defendant OGD EQUIPMENT COMPANY, LLC intended purpose was to deceive not only Drake, but also unsuspecting other consumers that contacted them for services. The capacity to deceive can be found without a finding that anyone has actually been deceived:

a).    Plaintiff only has to establish that an act or practice is unfair or deceptive;

b).    Plaintiff must demonstrate that the practice has an impact upon public interest.

45.    It was a deceptive act or practice for Defendant OGD EQUIPMENT COMPANY, LLC its partners, agents, its employees, contract installers, and or its representatives to violate federal and or state laws.

a).    By all the ways pled herein in this original petition;

b).    By Defendants OGD EQUIPMENT COMPANY, LLC violating federal and state civil laws.

46.    The above-described actions were committed by Defendants ODG willfully, wantonly and with reckless disregard for the rights of Plaintiff.

## FIFTH CAUSE OF ACTION

**COUNT 5. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et seq. (UNFAIR AND FRAUDULENT CONDUCT PRONGS OF THE ACT)**

47.     Plaintiff incorporate by reference all other paragraphs in this Complaint as it fully set forth herein and further alleges as follows.

48.     Business and Professions Code § 17200, et seq., prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons discussed above and pled herein, Defendant OGD engaged in unfair, untrue and misleading advertising in violation of Business and Professions Code § 17200. The Plaintiff is a "person" pursuant to the definitions set forth in Business and Professions Code § 17201.

49.     As alleged herein, Plaintiff has standing to pursue this claim as Plaintiff has suffered injury as a result of Defendant OGD EQUIPMENT COMPANY, LLC actions. Specifically, Plaintiff was injured as a result of OGD EQUIPMENT COMPANY, LLC deceptive and unfair acts as described herein, which were meant to deceive the Plaintiff and other consumers across state lines into doing business with OGD only because their name is similar to a reputable company. OGD EQUIPMENT COMPANY, LLC cause injury to the Plaintiff.

50.     The naming of OGD similar to the name of a well established garage door company is not by accident but it was intended to deceive consumers across state lines. If Plaintiff had known that Defendant OGD EQUIPMENT COMPANY, LLC was not in fact the same company, he would never had contacted them. When the Plaintiff advised that he had them install his garage door previously, the person on the telephone said, yes we did, but they could not had because OGD is not the same company. OGD made false advertising claims omitting the fact that they were not the same company.

13

51.     OGD EQUIPMENT COMPANY, LLC making themselves appear like the reputable company is false and misleading even in their webpage advertising. The omittance of these fact and by Defendants OGD EQUIPMENT COMPANY, LLC advertising this important fact, makes the advertising misleading thus false.

52.     Defendant OGD EQUIPMENT COMPANY, LLC concealed and failed to disclose their parts and labor cost and more importantly failed to disclose that they were not the original overhead garage door company in the area. However, the ads on its own website, Defendant OGD EQUIPMENT COMPANY, LLC never even suggests that they were a different company.

53.     As alleged in the preceding paragraphs, the acts, omissions, misrepresentations, practices and non-disclosures constitute "unfair" practices within the meaning of Oklahoma state laws.

54.     Defendant OGD EQUIPMENT COMPANY, LLC business practices, as alleged herein, are unfair because: 1). The injury to consumer is substantial; 2). The injury is not outweighed by any countervailing benefits to consumers or competition; and 3). Consumers could not reasonably have avoided the information because Defendant OGD EQUIPMENT COMPANY, LLC mislead the consuming public by making the public believe that they are the original overhead door company. Moreover, there were reasonably available alternative names to name their company, in fact, millions of other names that they could have used, except a similar name to a reputable company, to further Defendant OGD EQUIPMENT COMPANY, LLC legitimate business interests, other than the conduct described herein.

14

55.     Defendant OGD EQUIPMENT COMPANY, LLC business practices as alleged herein are fraudulent because they are likely to deceive consumers into believing that Defendant OGD EQUIPMENT COMPANY, LLC the original overhead door company. Defendant OGD EQUIPMENT COMPANY, LLC advertisement of their company was designed to conceal and mislead the general public into doing business with them.

56.     Plaintiff was misled into doing business with Defendant OGD EQUIPMENT COMPANY, LLC by their choosing to name their business similar to a reputable business that is well established. Defendant OGD EQUIPMENT COMPANY, LLC deceptive conduct described herein. Defendant OGD EQUIPMENT COMPANY, LLC misrepresentations and omissions were uniform and would be considered material to the average consumer.

57.     There were reasonably available alternatives to further Defendant OGD EQUIPMENT COMPANY, LLC business interests, other than conduct described herein.

58.     All of the conduct alleged herein is continuing to occur in Defendant OGD EQUIPMENT COMPANY, LLC business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

## SIXTH CAUSE OF ACTION

**COUNT 6.    FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, et seq. AGAINST DEFENDANT OGD EQUIPMENT COMPANY, LLC**

59.     Plaintiff incorporate by reference all other paragraphs in this Complaint as it fully set forth herein and further alleges as follows.

15

60.     As alleged herein, Plaintiff has sanding to pursue this claim as Plaintiff has suffered injury as a result of Defendant OGD EQUIPMENT COMPANY, LLC actions. Specifically, Plaintiff was injured due to OGD failure to be honest with the Plaintiff, telling him that the cost will not be that much when asked about parts and labor cost. If OGD contact employee would had told the Plaintiff the truth, Drake would have asked him to leave immediately. Plaintiff believed that he was doing business with the original Overhead Door Company, not OGD which is no more than a fly-by-night company that do not even have a business address where a person can voice a complaint. Defendant OGD EQUIPMENT COMPANY, LLC are committing deceptive acts across state lines and therefore giving this Court jurisdiction to hear this case. Plaintiff would not have conducted business with OGD if he had known that their fraudulent tactics. In **Exhibit 2**, OGD Internet Ad is misleading and false, the company does not have an A+ rating by the BBB. See consumer complaints from the Internet about OGD. **Exhibit 3**.

61.     Defendant OGD EQUIPMENT COMPANY, LLC violated Oklahoma state and federal laws by publicly disseminating false, misleading, and unsubstantiated advertisements regarding their company and its products.

62.     Defendant OGD EQUIPMENT COMPANY, LLC false, misleading and unsubstantiated advertisements were disseminated to increase the sales of their products and services.

63.     Defendants OGD EQUIPMENT COMPANY, LLC knew or should have known their advertisements and brand of new was intended to deceive consumers across state lines. Furthermore, Defendant OGD publicly disseminated the false and misleading advertising. Plaintiff has suffered harm as a result of because Defendant OGD false and misleading advertisements induced him to conduct business with a fraudulent company, which ultimately caused injury to the Plaintiff.

## SEVENTH CAUSE OF ACTION

**COUNT 7.   RESPONDEAT SUPERIOR**

64.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

65.     When viewed objectively, Defendant OGD EQUIPMENT COMPANY, LLC conduct, acts and/or omissions described above involved conduct that put the Plaintiff and other consumers at risk of injury by their fraudulent conduct, considering the probability and magnitude of potential harm to others. Defendant OGD EQUIPMENT COMPANY, LLC employees, contract installers, and representative had or should have had actual, subjective awareness that they were overcharging people across state lines.

66.     Defendant OGD EQUIPMENT COMPANY, LLC conduct rises to the level of gross negligence. Accordingly, Plaintiff is entitled to a finding that Defendant OGD EQUIPMENT COMPANY, LLC its agents, contract installers, and representatives were grossly negligent in the manner they conducted business with the Plaintiff and most likely other victims of their scam. "Respondeat superior is based on a 'deeply rooted sentiment' that it would be unjust for an enterprise to disclaim responsibility for injuries occurring in the course of its characteristic activities." (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 208 [285 Cal.Rptr. 99, 814 P.2d 1341]. Defendant OGD EQUIPMENT COMPANY, LLC is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employees.

17

## EIGHTH CAUSE OF ACTION

**COUNT 8.**   **MALICE**

67.     Plaintiff incorporates by referencing in these causes of action every averments set forth in Plaintiffs original petition. If any averments or requests for relief are inconsistent, they are pleaded in the alternative.

68.     Plaintiff further alleges that Defendant OGD EQUIPMENT COMPANY, LLC by and through its acts and/or omissions, and through the acts and/or omissions of its employee, as set out and plead herein, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights of the Plaintiff who is of a protective class of person. Plaintiff further alleges that the Defendant OGD EQUIPMENT COMPANY, LLC acts and/or omissions of gross negligence created an extreme degree of risk to Plaintiff claims against all parties of which were liable to the Plaintiff for the injuries he sustained as a result of OGD EQUIPMENT COMPANY, LLC fraud and deceptive acts committed against the Plaintiff and possibly other consumers.

69.     Plaintiff further alleges that the Defendant OGD had actual subjective awareness that the company was committing unfair, and deceptive acts against the Plaintiff. These were clear constitutional violations of Plaintiffs rights but, nevertheless, proceeded with conscious indifference to the rights, and welfare of the Plaintiff on account of his race, African American. In this regard, Plaintiff seeks exemplary damages.

18

## NINTH CAUSE OF ACTION

**COUNT 9.    DECLARATORY JUDGMENT AND INJUNCTION**
**(28 USC §2201, et seq.)**

70.     Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

71.     An actual controversy has arisen and now exists between Plaintiff and Defendant concerning Plaintiffs' rights under the United States Constitution. A judicial declaration is necessary and appropriate at this time as to Counts IX through XII above.

72.     Plaintiffs desire a judicial determination of his rights against Defendant OGD EQUIPMENT COMPANY, LLC as they pertain to Plaintiffs' right to be informed of the costs before a company provides any work on his home or dwelling.

73.     To prevent further violation of Plaintiffs' constitutional rights by Defendant OGD EQUIPMENT COMPANY, LLC, it is appropriate and proper that a declaratory judgment issue, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring that OGD's actions against the Plaintiff is unconstitutional.

74.     Furthermore, pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, it is appropriate and hereby requested that this Court issue a permanent injunction prohibiting Defendant OGD EQUIPMENT COMPANY, LLC from using the name Overhead Door, so that it does not confuse consumers into doing business with them. Plaintiff is suffering irreparable harm from OGD EQUIPMENT COMPANY, LLC unfair, deceptive, fraudulent, and unconstitutional policies.

## DAMAGES

75.     As a direct and proximate result of **OGD EQUIPMENT COMPANY, LLC**

conduct, Plaintiff has suffered damages.

76.     Plaintiff has suffered and is continuing to suffer mental anguish on

account of Defendant OGD EQUIPMENT COMPANY, LLC actions and conduct as pled

herein. Plaintiff is seeking an order from this Court decreeing that Defendants will pay

the Plaintiff damages as set forth herein in this original petition of $125,000.00.

77.     In addition, Plaintiff by this action, seeks compensatory and punitive

damages as pled herein, expert witness fees, cost, interest, and other causes of actions

pled herein and for all other monies and damages to which he may be entitled and:

- Attorneys' fees for preparation and trial;
- Attorneys' fees if there is to be an appeal to the Seventh Court of Appeals;
- Attorneys' fees if there is to be an appeal to the U.S. Supreme Court;
- Incidental damages;
- Past mental anguish;
- Future and past emotional distress;
    3. Trebled damages for knowingly and willfully causing harm to the Plaintiff;
    4. Plaintiff respectfully requests that the Court grant additional damages as already pled herein and for declaratory judgment and other causes pled herein.

## ATTORNEYS' FEES, COSTS & INTEREST

78.     Plaintiff incorporates by referencing in these causes of action every

averments set forth in Plaintiffs original petition. If any averments or requests for relief

are inconsistent, they are pleaded in the alternative.

20

79.     Plaintiff hereby sues for the recovery of reasonable attorneys' fees, costs of court and pre-and post-judgment interest at the highest rates to which he is entitled.

## REQUEST FOR JURY TRIAL

80.     Plaintiff hereby requests a jury trial on all matters set forth in his original petition as pled to this Honorable Court.

## PARYER FOR RELIEF

81.     Plaintiff prays for a judgment against Defendant OGD EQUIPMENT COMPANY, LLC it agents, employees, retailers, and representatives and each of them as follows:

a)  Special damages for Plaintiff in the amount of $125,000.00 against OGD;

b)  General damages for Plaintiff in an amount to be determined at trial;

c)  Punitive Damages in an amount to be determined at trial;

d)  Cost of suit;

e)  Attorney fees for preparation and trial;

f)  Attorney fees if there is to be an appeal to the U.S. Supreme Court;

g)  Incidental damages;

h)  Past and future emotional distress;

i)  Trebled damages for willfully causing harm to the Plaintiff;

j)  Prejudgment interest;

21

k)  Injunctive and Declaratory Relief;

l)  For such other and further relief as the court deems just and proper.

## PRAYER

82.   WHEREFORE PREMISES CONSIDERED, Plaintiff hereby prays that he is awarded compensatory damages, reasonable attorneys' fees, costs of court and pre-judgment and post-judgment interest at the highest rates to which he is entitled to receive; and for such other proper relief to which Plaintiff is entitled. And grant such other and further relief as the Plaintiff as prayed for in its entirety and as it appears reasonable and just, to which Plaintiff shows himself entitled.

Respectfully submitted,

E.V. Drake
P.O. Box 1771
Houston, Texas 77015
912-281-7100
victorstems44@gmail.com

22